(V.D. 149)

Ross Products, Inc. *v.* United States

Entry No. 14390.

(Decided January 16, 1969)

*Siegel, Mandell & Davidson* for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Ford, Judge: This matter is before me on remand from classification proceedings decided by this court in *Ross Products, Inc.* v. *United States,* C.D. 3242, wherein the matter was remanded to a single judge sitting in reappraisement. It has been submitted on a written stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

1. That the involved flashlights and batteries were imported subsequent to the effective date of Section 2 of the Customs Simplification Act (Public Law 927, 84th Cong., T.D. 54165) ; that said flashlights are identified on the Final List, T.D. 54521; that said batteries are not included on said Final List;

2. That the involved merchandise consists of flashlights and batteries which were held by the Court, in C.D. 3242, to be subject to appraisement separately according to the value of each class of article;

3. That on or about the date of exportation, such or similar flashlights were not freely sold or offered for sale for home consumption in the principal markets of the country of exportation.

4. That at the time of exportation, the price at which such or similar flashlights were freely sold in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary

course of trade, for exportation to the United States, including cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to this country, was the invoiced unit price plus the proportionate portion of the charges as shown on the invoice.

5. That at the time of exportation, the price at which such or similar batteries were freely sold in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade, for exportation to this country, including the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit price plus the proportionate portion of the charges as shown on the invoice.

6. That the above case is submitted for decision upon this stipulation, subject to the approval of the Court.

Upon the agreed facts, I find and hold that export value as that value is defined in section 402(d), Tariff Act of 1930, is the proper basis for the determination of the value of the involved flashlights and that said value is the invoiced unit price, packed, plus the proportionate portion of the charges as shown on the invoice, and that export value as that value is defined in section 402(b), Tariff Act of 1930, as amended, is the proper basis for the determination of the value of the involved batteries and that said value is the invoiced unit price, packed, plus the proportionate portion of the charges as shown on the invoice.

Judgment will be entered accordingly.